IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-CR-00018-KDB-DSC-1

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THEODORE ANTONIO FERGUSON | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant Theodore Antonio Ferguson's second motion for reconsideration of compassionate release and home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018, and the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020. (Doc. No. 38). Having carefully reviewed the Defendant's motion and all other relevant portions of the record, the Court will deny the motion.

Defendant is a 54-year-old male confined at FMC Lexington[1], a federal prison for inmates requiring medical or mental health in Kentucky, with a projected release date of February 21, 2024.

Defendant's prior motions for compassionate release were denied because Defendant did not present extraordinary and compelling reasons for this Court in its discretion to grant compassionate release. The primary basis of his motion continues to be his fear of contracting COVID-19, which he has already faced and beaten. (Doc. No. 29). As this Court concluded in its prior orders, Defendant failed to establish

---

[1] According to the Bureau of Prison's (BOP) website, FMC Lexington currently has zero inmates and 7 staff with confirmed active cases of COVID-19. There have been 10 inmate deaths and zero staff deaths, while 497 inmates have recovered and 220 staff have recovered. Additionally, 1,430 inmates have been fully inoculated and 370 staff have been fully inoculated

"extraordinary and compelling" reasons for a sentence reduction under § 3582(c)(1)(A). (Doc. Nos. 29 and 37). Defendant presents additional medical information that this Court has reviewed and considered and finds that Defendant's medical needs are still being properly handled by the medical staff. (Doc. No. 39). The Court finds no reason to change its prior rulings.

Defendant once again asks for home confinement. In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat 281, 516. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. *See United States v. Caudle*, 740 F. App'x 364, 365 (4th Cir. 2018) (district court lacks authority to govern designation of prisoners under § 3624(c)(2)).

**IT IS, THEREFORE, ORDERED**, that the Defendant's second motion for reconsideration of compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 (Doc. No. 38), is **DENIED**.

**SO ORDERED.**

Signed: August 22, 2022

Kenneth D. Bell
United States District Judge